16 So.3d 840 (2009)
Francisco MARTINEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1293.
District Court of Appeal of Florida, Third District.
April 15, 2009.
Eduardo Soto and Karla Lammers, for appellant.
Bill McCollum, Attorney General, and Timothy R.M. Thomas, Assistant Attorney General, for appellee.
Before COPE, SUAREZ, and LAGOA, JJ.
PER CURIAM.
Affirmed.
COPE, J. (concurring).
This is an appeal of an order denying a motion for postconviction relief, based on a claim that defendant-appellant Francisco Martinez was not warned of the deportation consequences of a plea in Miami-Dade County Circuit Court case number 89-8769A. The defendant entered a plea to the offenses of burglary of a structure and grand theft. The State argued that the defendant was not entitled to postconviction relief because these particular offenses did not fall into the category of "deportable crimes" under 8 U.S.C. § 1227. The trial court agreed with the State and denied relief, saying that "[t]he defendant is not subject to deportation as a result of his plea to the crimes charged in F89-08769A."
On this appeal, counsel for the defendant concedes that the defendant is not subject to deportation as a result of the plea. The defense argues, however, that the challenged convictions render the defendant inadmissible into the United States pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I). The defense explains that if the defendant were to leave this country for any reason, he would be ineligible to reenter the country. The defense contends that the defendant has been prejudiced *841 by the immigration consequences of his plea.
I concur in denying relief because of the wording of Florida Rule of Criminal Procedure 3.172(c)(8). That rule specifies the warning which a trial judge must give in conducting a plea colloquy. As relevant here, the rule requires a warning that "the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service." (Emphasis added).
The rule is worded so as to require a warning about possible deportation. The rule does not require a warning regarding any other possible consequence, such as inadmissibility if the defendant should leave the country. That being so, I concur in the affirmance of the trial court's order.